
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 2 2008
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES THOMAS WRIGHT JR., | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-345-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner James Thomas Wright Jr., TDCJ-CID #0227278, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

By way of this petition, Wright challenges his April 11, 2002 convictions in the Criminal

District Court Number One of Tarrant County, Texas, Case No. 0806025D, on two counts of aggravated sexual assault and one count of possession of a firearm by a felon. (Clerk's R. at 160) The Second District Court of Appeals of Texas affirmed the trial court's judgment on May 15, 2003. *Wright v. Texas*, No. 2-02-162-CR, slip op. (Tex. App.–Fort Worth) (not designated for publication). Although he filed a petition for discretionary review, the Texas Court of Criminal Appeals struck the petition as untimely under state rules of appellate procedure. (Petition at 3) *Wright v. Texas*, PDR No. 0427-07. *See also* http://www.cca.courts.state.tx.

On May 6, 2002, Wright filed a state application for writ of habeas corpus challenging the underlying convictions, which was dismissed by the Texas Court of Criminal Appeals because his direct appeal was still pending. *Ex parte Wright*, Application No. WR-29,688-03, at cover. On April 15, 2005, Wright filed a motion for DNA testing in the state trial court, which was denied by the trial court on March 29, 2006. (Clerk's R. on DNA motion at 31, 132) The Second District Court of Appeals affirmed the trial court's denial on January 25, 2007. *Wright v. Texas*, No. 02-06-152-CR, slip op. (Tex. App– Fort Worth) (not designated for publication). Meanwhile, on May 8, 2006, Wright had filed a second state application for writ of habeas corpus challenging the convictions, which was dismissed by the Texas Court of Criminal Appeals for noncompliance with Rule 73.1 of the Texas Rules of Appellate Procedure on June 7, 2006. *Ex parte Wright*, Application WR-29,688-04, at cover. On June 19, 2006, Wright filed his third and final state application for writ of habeas corpus challenging the convictions, and raising the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on May 30, 2007. *Ex parte Wright*, Application No. WR-29,688-06, at cover. Wright filed this petition on June 4, 2007. As ordered, Quarterman has filed a preliminary response addressing

only the issue of limitations, to which Wright filed a reply.

## D. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, Wright's convictions became final and the one-year limitations period began to run upon expiration of the time that Wright had for filing a timely petition for discretionary review in the Texas Court of Criminal Appeals on June 14, 2003, and closed one year later on June 14, 2004, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v.*

3

*Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Wright's first state habeas application filed while his direct appeal was still pending and before the convictions became final did not operate to toll the limitations period under § 2244(d)(2) because it was filed before the limitations period began. Wright's second state habeas application did not operate to toll the limitations period because it was not properly filed within the meaning of §2244(d)(2) and was filed after the limitations period had already expired. *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (holding application is "properly filed" when its delivery and acceptance are in compliance with applicable laws and rules governing filings, including rules of form); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). His third state habeas application filed after the limitations period had already expired did not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor did Wright's motion for DNA testing toll the limitations period under § 2244(d)(2). Such motions are not properly-filed applications for state postconviction relief or other collateral review. *See, e.g., Fierro v. Cockrell*, 294 F.3d 674, 680-81 (5th Cir. 2002) (holding that a preliminary motion that is not itself an application for a writ of habeas corpus does not toll the statute of limitations), *cert. denied*, 538 U.S. 947 (2003); *Walker v. Dretke*, No. H-05-2392, 2006 WL 1582000, at *5 (S.D. Tex. June 7, 2006) (holding that motions for DNA testing are not properly-filed applications for state postconviction relief or other collateral review); *Carillo v. Dretke*, Nos. 3-04-CV-1955-K & 3-04-CV-1956-K, 2004 WL 3008605, *2 (N.D. Tex. December 28, 2004), *adopted*, 2005 WL 236381 (N.D. Tex. Jan. 19, 2005) (holding that a postconviction motion for DNA testing is not one for "other collateral review" and does not toll the limitations period under § 2244(d)(2)). Thus, absent additional tolling of the limitations period under the doctrine of equitable tolling, Wright's petition is untimely.

Equitable tolling of the statute of limitations is permitted only if rare and exceptional

4

circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). *But see Bowles v. Russell*, 127 S. Ct. 2360, 2366 (holding timely filing of notice of appeal in civil case is a jurisdictional requirement and a federal court has no authority to create equitable exceptions to jurisdictional requirements). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Wright has not demonstrated that he was prevented in some extraordinary way from asserting his rights in a timely manner.

Wright presents a laundry list of reasons why his petition should not be time-barred. (Pet'r Traverse at 2-16) His claims of subterfuge, malfeasance and conspiracy on the part of his trial and appellate counsel, the prosecution and the trial court judge at each stage of the state court proceedings are conclusory. Conclusory allegations are insufficient to preclude dismissal. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). As to the alleged newly discovered DNA lab report, which was inconclusive, Wright was aware that, pursuant to court order, blood and hair samples were taken for DNA testing on the day of his arrest. With due diligence, he could have determined the results of any such testing before or during his trial. Finally, Wright claims the inconclusive DNA results prove he is innocent of the offenses. A claim of actual innocence, however, does not constitute the kind of rare and exceptional circumstance to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Wright's federal petition was due on or before June 14, 2004; thus, his petition filed on

5

October 31, 2007, is untimely and is time-barred.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that Wright's petition be DISMISSED as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 23, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 23, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 2, 2008.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE