IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES THOMAS WRIGHT Jr., | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:07-CV-345-Y |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, T.D.C.J. | § | |
| Correctional Institutions Div. | § | |

<u>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS</u>

In this action brought by petitioner James Thomas Wright Jr. under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 2, 2008; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 30, 2008.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2), for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

In his written objections to the magistrate judge's report and recommendation that his petition be dismissed with prejudice as time-barred, Wright raises many claims about the failure of his attorneys and of his efforts to obtain state trial court records in support of his entitlement to equitable tolling. Most of the allegations asserted in Wright's objections were asserted in a

traverse that was considered and addressed in the magistrate judge's report. The Court will address further Wright's claim of equitable tolling on account of his appellate lawyer's alleged failure to properly notify him of how and where to file a petition for discretionary review on his own behalf.

The one-year limitation for filing a petition under § 2254 is subject to equitable tolling.[1] But the burden is on the petitioner--here, Wright--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[2] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[3] Wright has not satisfied this burden.

First, Wright's allegation is not supported by the facts, as Wright provided as an exhibit to his traverse, correspondence from his appellate counsel informing Wright, on June 12, 2003, that "he had until July 16, 2003, to file a PDR in the court of appeals." (Exhibit E to October 2, 2007, Traverse, at page 30.) Furthermore, the United States Court of Appeals for the Fifth Circuit has

---

[1] *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[2] *See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000)(statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

[3] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999),*cert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

expressly noted: "[I]f there were ever any doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in *Cousin v. Lensing,* 310 F.3d 843 (5th Cir. 2002) erased it:`[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.'"[4] Wright's objections must be overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

James Thomas Wright Jr.'s petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED July 14, 2008.

Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[4]*United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002), *cert den'd,* 539 U.S. 952 (2003).